COPY

Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Betty Gregory

FILED 2013 DEC 10 AM 10: 18 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE

BY FAX

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

ED CV 13 - 02264 JGB SPx

| | |
|---|---|
| Betty Gregory,<br><br>Plaintiff,<br><br>vs.<br><br>Empereon Marketing, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET. SEQ;*<br>**2. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200,** *ET. SEQ.*<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Betty Gregory, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and violation of California Business & Professions Code § 17200, *et. seq.*("UCL").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4. The Plaintiff, Betty Gregory (hereafter "Plaintiff"), is an adult individual residing in Temecula, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Empereon Marketing, LLC ("Empereon"), is an Arizona business entity with an address of 3561 W. Bell Road, Phoenix, Arizona 85053, operating as a collection agency, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Empereon and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Empereon at all times acted by and through one or more of the Agents.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

8. 47 C.F.R. 64.1200(c)(2) provides that "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

9. In addition, a private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC. 47 U.S.C. § 227(c)(5).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Plaintiff's residential telephone number is on the national "do not call" list.

11. Within the past four years, Defendant placed calls to Plaintiff's residential telephone to solicit its goods and services to her.

12. The calls were placed using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message of 47 U.S.C. § 227(b)(1)(A)(iii).

13. When Plaintiff answered the calls, Defendant used a pre-recorded voice to deliver a message.

14. Defendant did not have prior express consent to place solicitation calls using ATDS and artificial message to Plaintiff on her residential telephone.

15. Plaintiff spoke to Defendant and instructed to remove her telephone number from Defendant's call list and cease all communications with her.

16. Defendant thereafter continued to call Plaintiff to solicit its goods and services.

17. Defendant's calls to Plaintiff's residential telephone were not for "emergency purposes."

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

18. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

19. Defendant negligently placed multiple solicitation calls to Plaintiff's residential telephone without his prior express consent.

20. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

21.     As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

23.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

24.     Defendant knowingly and/or willfully placed multiple solicitation calls to Plaintiff's residential telephone without her prior express consent.

25.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

26.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B).

27.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant in the future.

# COUNT III
## Violation of Business and Professions Code Section 17200 et. seq.

28. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Empereon engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq.* ("UCL").

30. A business practice is "unlawful" if it violates an underlying state or federal statute or common law. Empereon is in violation of the B&P Code by violating the TCPA.

31. By violating the TCPA and invading Plaintiff's right to be free from unwanted invasions, Empereon caused injury to Plaintiff.

32. Based on a multitude of other litigation against Empereon and a plethora of consumer complaints for unwanted calls, Empereon engages in a systematic and regular practice of violating the TCPA, thereby repeatedly invading the privacy rights of many other California residents and causing injury to them all.

33. By engaging in this repeated conduct, Empereon engages in unfair business practices in violation of the UCL, and should be enjoined by the Court from engaging in further violations of the TCPA for all residents of the state of California.

# COUNT IV
## Invasion of Privacy by Intrusion upon Seclusion

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

37. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

38. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

39. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

41. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B);

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(1)(B);

C. An Order from the Court enjoining Empereon from violating the TCPA and invading the privacy of all California residents;

D. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the UCL;

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1
2  DATED:  December 10, 2013        TAMMY HUSSIN
3
4                                   By: _____
                                    Tammy Hussin, Esq.
5                                   Lemberg & Associates, LLC
                                    Attorney for Plaintiff, Betty Gregory
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Jesus G. Bernal__ and the assigned Magistrate Judge is __Sheri Pym__.

The case number on all documents filed with the Court should read as follows:

**EDCV13-02264 JGB (SPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 10, 2013
Date

By L. Murray
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☒ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**